TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-3148
     Facsimile: (213) 894-7819
     E-mail: Margaret.Chen@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EFRAIN CASTANEDA, an individual; et al., | No. CV 21-06509-CJC (ASx) |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | [Discovery Document: Referred to Magistrate Judge Alka Sagar] |
| UNITED STATES OF AMERICA, a government entity; et al., | Honorable Alka Sagar |
| Defendants. | |

1.  A.  <u>PURPOSES AND LIMITATIONS</u>

Plaintiff Efrain Castaneda alleges a negligence claim against Defendant United States pursuant to the Federal Tort Claims Act, arising from a September 17, 2019 motor vehicle collision in La Puente, California. Discovery in this action is likely to involve production of Plaintiff Efrain Castaneda's confidential or private information contained in his medical and tax records, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve Plaintiff Efrain Castaneda's confidential or private information contained in his medical and tax records, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Plaintiff is entitled to keep confidential, to ensure that the parties are permitted  reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained

in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 <u>Action</u>: *Efrain Castaneda, et al. v. United States of America, et al.*, Case No. CV 21-06509-CJC-AS.

2.2 <u>"CONFIDENTIAL"</u>: Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.4 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.5 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.6 <u>Protected Material</u>: Plaintiff's medical and tax records that are designated as "CONFIDENTIAL."

3. SCOPE

3.1 In connection with discovery proceedings in this action, the Parties may designate Plaintiff's tax and medical records ("the Protected Material") "CONFIDENTIAL" under the terms of this Stipulated Protective Order.

3.2 This Stipulated Protective Order is not intended to affect the rights of any Party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a

1  privilege.

2        3.3 This Stipulated Protective Order does not constitute a ruling on whether a
3  particular document or category of information is discoverable or admissible.

4        3.4 Any use of Protected Material at trial shall be governed by the orders of the
5  trial judge. This Order does not govern the use of Protected Material at trial.

6  4.      <u>DESIGNATING PROTECTED MATERIAL</u>

7        4.1 The Parties may designate Plaintiff's tax and medical records ("the Protected
8  Material") "CONFIDENTIAL" by affixing at a minimum, the legend
9  "CONFIDENTIAL" to each page that contains protected material. If only a portion or
10 portions of the material on a page qualifies for protection, the protected portion(s) must
11 be clearly identified (e.g., by making appropriate markings in the margins).

12       4.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
13 designate qualified information or items does not, standing alone, waive a Party's right
14 to secure protection under this Order for such material. Upon timely correction of a
15 designation, the Parties must make reasonable efforts to assure that the material is treated
16 in accordance with the provisions of this Order.

17 5.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

18       5.1 <u>Basic Principles</u>. The Parties may use Protected Material in connection with
19 this Action only for prosecuting, defending, or attempting to settle this Action. Such
20 Protected Material may be disclosed only to the categories of persons and under the
21 conditions described in this Order. When the Action has been terminated, the Parties
22 must comply with the provisions of section 9 below (FINAL DISPOSITION).

23       Protected Material must be stored and maintained by the Parties at a location and
24 in a secure manner that ensures that access is limited to the persons authorized under this
25 Order.

26       5.2 <u>Disclosure of Protected Material</u>. Protected Material may be disclosed to the
27 Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff
28 employed by such counsel), and to the "qualified persons" designated below:

(a) a Party, or employee of a Party, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action;

(b) Experts (as defined in this Order) of the Parties to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i) any other person to whom the Parties in writing agree.

6. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material, that Party must:

(a) promptly notify other Parties in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued regarding the Protected Material that may be affected.

If a Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Parties agree to the production of the Protected Material. The Party seeking protection in that court of its Protected Material shall bear the burden and expense of seeking that protection, and nothing in these provisions should be construed as authorizing or encouraging a Party in this Action to disobey a lawful directive from another court.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the other Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>MISCELLANEOUS</u>

8.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

8.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

8.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the

court, then the Party may file the information in the public record unless otherwise instructed by the court.

9.     FINAL DISPOSITION

Within 60 days of the termination of this litigation (including any appeals), the Parties agree to destroy all Protected Material, including copies, not including documents filed with the Court. Notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

| | |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 2 | Respectfully submitted, |
| 3 | Dated: June 3, 2022      TRACY L. WILKISON |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                            Respectfully submitted,

Dated: June 3, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

     /s/ Margaret M. Chen
MARGARET M. CHEN
Assistant United States Attorney

Attorneys for Defendant

Dated: June 3, 2022

     /s/ Travis M. Daniels*
MIKE ARIAS
TRAVIS M. DANIELS
Arias Sanguinetti Wang & Torrijos LLP

BRYAN HARRISON
Harrison Kristopher LLP

Attorneys for Plaintiff

    * Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:   June 7, 2022

     / s / Sagar
HONORABLE ALKA SAGAR
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Efrain Castaneda, et al. v. United States of America, et al.*, Case No. CV 21-06509-CJC (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

Printed name: _____

Signature: _____

1